OPINION
On May 5, 1973, appellee, Cheryl Willis, and appellant, Joseph Willis, were married. Two children were born as issue of said marriage, Nathan born May 12, 1980, and Rachel born August 7, 1982. On August 11, 1993, appellee filed a complaint for divorce. On October 25, 1994, the trial court issued a child support order requiring appellant to pay child support in the amount of $485.66 per month per child and spousal support in the amount of $500.00 per month for five years.
On May 12, 1995, appellant was found guilty of gross sexual imposition and was thereafter sentenced to two years in prison.
On March 1, 1996, appellant filed a motion to modify and/or terminate child support and spousal support based upon a change of circumstances as a result of his incarceration. A hearing before a magistrate was held on May 21, 1996. By decision filed May 30, 1996, the magistrate denied said motion. Objections were filed and a hearing was held before the trial court on July 22, 1996. By order filed July 23, 1996, the trial court denied the objections and upheld the magistrate's decision.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN THAT IT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT'S INCARCERATION DID NOT CONSTITUTE A CHANGE IN CIRCUMSTANCES SO AS NOT TO WARRANT SUSPENSION OR MODIFICATION OF APPELLANT'S CHILD SUPPORT OR SPOUSAL SUPPORT OBLIGATIONS.
 I
Appellant claims the trial court erred in finding his incarceration did not constitute a change in circumstances to warrant a suspension or modification of his child support or spousal support obligations. We disagree.
We have previously reviewed the issues of "voluntary" unemployment and inability to pay due to incarceration in HeidiStewart v. Ryan Clay (December 15, 1997), Stark App. No. 1997 CA 00161, unreported. Based upon our opinion therein and a review of the record sub judice, we find no abuse of discretion in finding appellant's incarceration was not a basis to modify support.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1996 CA 00244
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.